UNITED STATES FIDELITY & GUARANTY CO. *v.* YAZOO COOPERAGE CO.

(Division A. April 7, 1930.)

[127 So. 579. No. 28548.]

Butler & Snow, of Jackson, and **W. M. Hall**, of Memphis, Tenn., for appellant.

Holmes & Holmes, of Yazoo City, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant for a breach of an employer's liability policy of insurance. The declaration alleges the issuance of the policy, which is made an exhibit thereto; that "suit was filed in the circuit court of Yazoo county, Mississippi, by Aleitha Fields, and others, against the plaintiff herein, the Yazoo Cooperage Company, styled Aleitha Fields et al., plaintiffs, v. Yazoo Cooperage Company, defendant, and being cause No. 7596 on the docket of said court, and purporting to set forth a claim against the said Yazoo Cooperage Company, covered and indemnified by the said policy hereinbefore mentioned; that a copy of the declaration filed in said suit is hereby made Exhibit 'B' to this declaration, and is attached hereto and made a part hereof, the same as though fully set forth herein." That the appellant was requested to defend this suit, but declined so to do, whereupon it was defended by the appellee, and resulted in a judgment denying the plaintiffs a recovery. That the appellee incurred certain expenses, including a lawyer's fee and court costs, in defending the suit, and

prayed for a judgment against the appellant therefor.

The policy provides:

"United States Fidelity & Guaranty Company, Baltimore, Maryland . . . does hereby agree:

"Insurance Provided"

"(I) To settle and/or defend in the manner hereinafter set forth, all claims resulting from the liability imposed upon the assured by law for damages on account of bodily injuries, including death at any time resulting therefrom accidentally suffered or alleged to have been suffered by any employee or employees of the assured.

"(II) To defend in the name and on behalf of the assured, any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries, including death at any time, resulting therefrom, accidentally suffered or alleged to have been suffered by any employee or employees of the assured."

The declaration filed by Aleitha Fields and others alleges, in substance, that Joe Fields, an employee of the Yazoo Cooperage Company, received a bodily injury, for which the cooperage company was responsible, resulting in his death, and prayed for damages therefor.

The appellant, United States Fidelity & Guaranty Company alleging that "the decedent for whose injuries and resulting death the suit styled 'Aleitha Fields et al. v. Yazoo Cooperage Company et al.,' number 7596 on the docket of the circuit court of Yazoo county, Mississippi, was filed, was at the time of the injuries and death complained of in said declaration, Exhibit 'B' to plaintiff's declaration herein, not an employee of the assured covered by said policy contract, to-wit, the Yazoo Cooperage Company, plaintiff therein, and accordingly, said suit was not such a suit as defendant was obligated by the terms and conditions of said policy contract to defend, and although by the allegations of said declaration, Ex-

hibit 'B' to plaintiff's declaration herein, it was alleged that deceased, for whose injuries and death said suit was filed, was an employee of the assured at the time of such injuries and death, nevertheless, such decedent was in truth and in fact not an employee of assured and such fact was at all times known to assured, and assured so advised this defendant before the filing of said suit in the circuit court of Yazoo county, Mississippi, and pleaded such fact in defense of said suit; and this the defendant is ready to verify.''

A demurrer to this plea was sustained, and the appellant declining to plead further, judgment final was rendered against it for the amount sued for.

The two clauses of the insurance policy hereinbefore set out, obligate the appellant to defend '' . . . any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries . . . alleged to have been suffered by an employee or employees of the assured.'' The declaration on which the appellee was sued alleges that one of its employees suffered a bodily injury for which the law imposed liability on the appellee, and therefore brings the case literally within the provisions of the policy.

As we understand the appellant's contention, it is, in effect, that the policy obligates it only to ''settle and/or defend'' claims brought against the appellee by one of its employees, or by some one authorized to make the claim for him, for damages suffered by the employee from an injury for which the appellee was responsible. With this we cannot agree. That which the appellant, in plain and unambiguous language, promised by its policy to do, is to ''settle and/or defend'' all claims against the appellee for damages for bodily injuries for which the appellee is liable, accidentally suffered, or alleged to have been suffered, by any employee of the appellee. The two clauses of the policy should be read as if the words ''suffered'' and ''or'' were separated by a comma, and as if the words ''suffered'' and ''by'' were also separated by

a comma; but without the commas it is clear that the words "by any employee or employees of the assured" qualify and limit the word "suffered," and not the word "alleged."

According to the declaration filed by Aleitha Fields and others against the appellant, the injuries for which damages were sought to be recovered appeared to have been inflicted on a person of the class covered by the policy, and if that allegation had been sustained by the proof, and the other elements of liability appeared therefrom, the appellant would have been obligated to pay any judgment recovered against the appellee. It was this character of suits that the appellee, by its policy, pledged itself to defend.

The cases of United Waste Mfg. Co. v. Maryland Casualty Co., 85 Misc. Rep. 539, 148 N. Y. S. 852, and Ocean Accident & Guaranty Corp. v. Washington Brick & Terra Cotta Co., 148 Va. 829, 139 S. E. 513, relied on by the appellant, seem not to be here in point; but if they are, we would not follow them. In the New York case the provision of the policy requiring the insurer to defend suits against the assured does not appear. The suit was brought for an injury to a person not covered by the policy of insurance, and it may be that that fact appeared from the declaration, which probably contained no allegation bringing the case within the terms of the policy. In the Virginia case the policy did not cover injuries to persons employed in violation of law. The Virginia Child Labor Law (Laws 1922, c. 489) prohibits employment of minors of certain ages. The employee injured was within the prohibited age, and the recovery sought by the declaration was based solely upon this violation of the Child Labor Law. The declaration, therefore, not only did not allege that the injured person was of the class covered by the policy, but it affirmatively appeared therefrom that he was of a class not covered by the policy. Therefore the court could not have reached any

other conclusion than that the insurer was under no obligation to defend the suit.

Affirmed.