THE FESSENDEN SCHOOL, INCORPORATED, vs. AMERICAN
MUTUAL LIABILITY INSURANCE COMPANY.

Suffolk. November 5, 1934. — January 5, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Under workmen's compensation act, Against employer's lia-
bility.

The provisions of a policy of insurance, entitled "Standard Workmen's
Compensation and Employers' Liability Policy," issued to a corpora-
tion conducting a school, that the insurer would defend "in the name
and on behalf of this Employer, any suits or other proceedings which
may at any time be instituted against him on account of . . . [per-
sonal injuries sustained by employees of the insured], including suits
or other proceeding alleging such injuries and demanding damages
or compensation therefor, although such suits, other proceedings, alle-
gations or demands are wholly groundless, false or fraudulent," did
not require the insurer to repay to the insured an amount expended
by it in successfully defending an action of tort against it by one who
was in its employ, which, when first brought against it was brought
by the plaintiff as an employee for damages sustained through al-
leged negligence of the defendant in its care of the halls of the school,
but which afterwards was amended and prosecuted by the plaintiff,
not as an employee, but as a tenant, ·or "boarder and/or lodger,"
for injuries caused by the negligence of the defendant: the obligation
of the insurer to the insured was not with respect to an action brought
by a tenant, or by a "boarder and/or lodger."

CONTRACT. Writ in the Municipal Court of the City of
Boston dated November 13, 1930.

Material evidence at the hearing of the action in the
Municipal Court by *Brackett*, J., is described in the opinion.
The judge found for the defendant. Upon a report to the
Appellate Division, the finding was reversed and judgment
was ordered for the plaintiff in the sum of $837.70. The
defendant appealed.

*G. Gleason*, for the defendant.
*Joseph P. Sullivan*, for the plaintiff.

PIERCE, J. This is an action of contract brought in the
Municipal Court of the City of Boston, to recover a sum of

money expended by the plaintiff in defending an action brought against it by one Ada Gauthier, an employee of the plaintiff, for personal injuries received by her. The case was submitted to the trial judge upon a case stated and the pleadings. The judge denied certain requests of the plaintiff, made findings of fact, found for the defendant and reported the case to the Appellate Division. The Appellate Division reversed the rulings of the trial judge, and ordered judgment to be entered for the plaintiff for $837.70 and interest from the date of the writ. The case is before this court on the appeal of the defendant from the final decision of the Appellate Division.

The pertinent facts are as follows: The plaintiff operates a private boarding school for boys. It became an insured under the workmen's compensation act (G. L. [Ter Ed.] c. 152) by the payment to the defendant of a premium, provided for in the policy, which was based upon the entire remuneration earned during the policy period by the employees of the plaintiff. One Ada Gauthier was employed by the plaintiff as a head waitress. She received as compensation for her services $50 a month and in addition thereto her board and room, being required to live on the premises of the plaintiff. She was on duty while meals were served in the dining room, and was subject to calls at other times during the day and in the evening, in case she should be needed for serving any meals or refreshments in the dining room outside of the regular fixed meal times. Her room was on the second floor of a building known as the "New Annex." Shortly before midnight of October 3, 1924, while she was still in the employ of the plaintiff and was on her way to the bathroom, she fell down a stairway, receiving injuries. The bathroom was located at the end of the corridor into which the door of her room opened, and the doorway entering the stairway was adjacent to the door entering the bathroom. The corridor was equipped with electric lights but during the night they were turned off by the employees in order that the lights would not shine through the transoms of the dining room employees and annoy them while sleeping. The corridor was not

lighted at midnight on October 3, 1924, and she entered the stairway door by mistake and to her injury. Due notice of the injuries received was given to the defendant by the plaintiff, and the defendant, through its agents, investigated the facts concerning the injury and had a medical examination made of said Ada Gauthier. Ada Gauthier gave no notice at the time of her employment of claiming common law rights, as required by G. L. (Ter. Ed.) c. 152, § 24.

By a writ dated June 22, 1925, Ada Gauthier brought an action at law against Frederick J. Fessenden to recover a claim for damages sustained by a fall down a stairway. Succinctly stated, the declaration in this action alleges in count 1 that she was employed by Fessenden; that by reason of occupying a portion of the premises as a part of her compensation for services she became a tenant; and that the defendant negligently failed to keep the premises in a safe condition, as a result of which she sustained injuries. She also alleged, in count 2, that as an employee she had been invited by Fessenden to use a certain room on the premises so that she could better serve him in her employment; that she accepted the invitation; that the defendant was bound to keep the stairs, hallways and passageways connected with said room properly lighted at all times when the occasion demanded; and that he negligently kept this hallway in an unsafe condition, which resulted in her injuries. Subsequently said action was amended by substituting therein as the defendant "The Fessenden School, Incorporated." Due notice in accordance with the terms of the policy was given the defendant in the present action by the substituted defendant in the action of Ada Gauthier, and demand was duly made upon it to defend said action, which the defendant refused to do. Upon a demurrer being filed by The Fessenden School, Incorporated, the plaintiff Gauthier again amended her declaration. The amended declaration, Exhibit D, did not allege that she was an employee of Fessenden or of The Fessenden School, Incorporated. It alleged in count 1 that she was a tenant, and in count 2 that she was "a

boarder and/or lodger," and in each count the plaintiff founded her cause of action upon the defendant's negligence and failure to keep the common halls, passageways and stairways lighted and in safe condition. The defendant The Fessenden School, Incorporated, answering the amended declaration, denied each and every allegation in the plaintiff's writ and amended declaration contained and alleged the contributory negligence of the plaintiff, that the plaintiff assumed the risk of the alleged accident, that the plaintiff at the time of the injury "was in the employ of the defendant," that "the defendant was a subscriber under the provisions of G. L. c. 152 . . . and that the plaintiff had at no time given notice in writing to the defendant under the terms of said act that she claimed a right of action at common law to recover damages for personal injuries and that hence her right of action at common law was waived." Upon the refusal of the defendant in the present action to defend the action based upon the amended declaration, Exhibit D, The Fessenden School, Incorporated, conducted the defence and employed counsel for that purpose, leave having been granted to it to employ its counsel and conduct such defence without in any way prejudicing its rights against the present defendant under the policy of insurance. Said action at law was tried in the Superior Court to a jury on the amended declaration, Exhibit D, and on September 5, 1929, a verdict was directed by the judge for the defendant in said action. On September 30, 1929, judgment was entered upon said verdict in favor of the defendant. Subsequently Ada Gauthier made claim for compensation against the defendant in the present action, the American Mutual Liability Insurance Company of Boston, which was settled by a compromise.

In conducting the defence the plaintiff The Fessenden School, Incorporated, paid out $837.70. Demand therefor was made upon the present defendant, and it refused to pay. The defendant contends that the trial judge was right, and that the Appellate Division was not justified in ordering judgment for the plaintiff. It bases its contention upon the allegation that a proper construction of the policy

(Exhibit A, printed in the record) does not require the defendant insurance company to defend a case in which a plaintiff bases her claim against the assured, The Fessenden School, Incorporated, upon the relationship of tenant and landlord and not upon the relationship of employee and employer; that the declaration, by reason of the amendment after demurrer, alleges in substance that Ada Gauthier was not an employee; that the action was brought against The Fessenden School, Incorporated, not as an employer but as a landlord; that the test of the insurance company's obligation under its policy to defend the insured is not whether a plaintiff was an employee, which can be determined only at the end of a law suit, but whether the suit is based upon the relationship of employee and employer.

The plaintiff rests its contention that it was the duty of the defendant insurance company to defend the action upon paragraph III of the insurance policy, which reads: "III. To Defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceeding alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent." It contends that by this paragraph the defendant's undertaking was not limited to suits against the employer alleging in terms a personal injury to an employee, but that the policy also provided for the defence of suits on account of personal injuries to employees, which means suits arising out of personal injury received by an employee, even though it is not alleged that at the time of the injury there existed between the plaintiff and the defendant the relationship of employee and employer; and that "This construction of the defendant's undertaking in respect to the defence of suits is further supported by the fact that paragraph III of the policy provides for an additional class of suits . . . namely, suits alleging such injuries, although such suits are wholly groundless, false or fraudulent," the provision being for the defence of any suits or other proceedings which may at any

time be instituted against him (the employer) on account of such injuries; and it further contends that "If it were necessary that a suit instituted on account of such injuries had to allege specifically in terms such an injury, then there would be no necessity for the provision 'including suits . . . alleging such injuries.'"

It is the defendant's contention that the coverage given by a standard workmen's compensation and employers' liability policy, which is the type of policy The Fessenden School, Incorporated, had, is (1) to pay compensation to an employee of the insured employer when the employee receives an injury arising out of and in the course of his employment in accordance with the provisions of the workmen's compensation law of the State named, and (2) to defend the employer against any common law claim which any employee may make against the employer as such because of personal injuries sustained by the employee. It further contends that this type of coverage has to do solely and entirely with personal injuries to employees and claims made by such employees against their employers as such. ·

It is admitted by the defendant that under its policy it would have been obliged to defend the action as it stood when the original action was amended by substituting The Fessenden School, Incorporated, for Frederick J. Fessenden, who was not insured; but it is contended by the defendant that, when the declaration was again amended and the case tried on the amended declaration, its obligation to defend ceased. This position is based upon the facts (1) that the policy is headed and described "Standard Workmen's Compensation and Employers' Liability Policy," and (2) that the insurance company agrees with the employer "named and described as such in the Declarations . . . as respects personal injuries sustained by employees," that under agreement I (a) compensation will be paid, and that under agreement I ·(b) "this Employer" will be indemnified "against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed . . . ." The defendant desires it to be noted that "The policy contract

was made, not with the Fessenden School as a corporation or as a school, but with the Fessenden School as an employer, named and described as such"; that the agreement, I (b), to indemnify "this Employer" was, therefore, an agreement to indemnify, not The Fessenden School, Incorporated, but The Fessenden School, Incorporated, as an employer; and that the agreement to defend in the name and on behalf of this employer (agreement III) is an agreement to defend, not any suit brought against The Fessenden School, Incorporated, but a suit brought against it as an employer; that the correct construction of agreement III is that the claim or suit must be made by the plaintiff as an employee against the insured as an employer; that under the first phrase of agreement III the insurance company defends such suits based upon real injuries by real employees, and under the second phrase the insurance company defends such suits where such injuries did not occur or where the person bringing the suit is not an employee; that agreement III must be construed with agreement I (b); and that an insurance company cannot defend a suit in which, if a judgment is obtained, the insurance company would not be obliged to pay the judgment.

It is plain that the insurance company would not have been bound under its policy to indemnify the plaintiff if the plaintiff Ada Gauthier had recovered judgment on her declaration against The Fessenden School, Incorporated, as amended. We think the contention of the defendant is sound, that the obligation of the defendant insurance company is to be determined by the allegations of the declaration, and that it is not required to defend if it would not be held bound to indemnify the defendant in the action if the plaintiff prevailed upon the allegations of the declaration. *Ocean Accident & Guarantee Corp. Ltd., of London v. Washington Brick & Terra Cotta Co.* 148 Va. 829. *Fulton Co. v. Massachusetts Bonding & Ins. Co.* 138 Tenn. 278. *Bloom-Rosenblum-Kline Co. v. Union Indemnity Co.* 121 Ohio St. 220. *United States Fidelity & Guaranty Co. v. Yazoo Cooperage Co.* 157 Miss. 27. *United States Fidelity & Guaranty Co. v. Baldwin Motor Co.* 34 S. W. (2d) (Tex.) 815. *Fidelity*

*& Casualty Co. of New York* v. *Stewart Dry Goods Co.* 208 Ky. 429.

The order of the Appellate Division was not justified. It must be reversed and judgment be entered for the defendant.

*So ordered.*