UNITED STATES FIDELITY & GUARANTY CO. *v.* COOK.

(Division A. March 14, 1938.)

[179 So. 551. No. 33100.]

Gilbert & Cameron, of Meridian, for appellant.

**O. B. Triplett, Jr.,** of Forest, for appellee.

· Argued orally by **V. W. Gilbert**, for appellant, and by **O. B. Triplett, Jr.**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Appellee, W. G. Cook, sued the appellant, United States Fidelity & Guaranty Company, in the chancery court of Scott county, upon a liability insurance policy, seeking reimbursement for attorney's fees and costs incurred by him in defending a lawsuit filed in the circuit court of Lauderdale county by one Dee McCray for the recovery of damages on account of personal injuries sus-

tained by the operation of one of the gravel trucks covered by the policy; and which suit the appellant had declined to defend after being duly notified and requested so to do.

The declaration filed by Dee McCray alleged that he was employed by the appellee at the time of his injury, and also by Cliff Smith and others, all of whom he alleged were partners in the work of hauling gravel and material furnished by the State Highway Department to points designated by the department under a contract with the State Highway Commission; whereas the record in the case at bar discloses that, as a matter of fact, said contract was awarded to the appellee, W. G. Cook, as an individual, and that he thereupon executed his bond for the performance of such contract, with the appellant as surety thereon; that thereafter appellee sublet a part of the work to Cliff Smith, by whom Dee McCray was employed, and sublet the remainder to other subcontractors; and that an independent contractor's agreement was duly entered into in writing by the appellee with each subcontractor, respectively, at the time of the subletting of the work, as prepared and furnished by the appellant, prior to the issuance of the policy of insurance herein sued on.

The policy in question covers fifteen trucks of the one and a half ton type, and is denominated by the appellant as a public liability policy, in that the same contains the obligation designated as "Agreement A" to pay on behalf of the assured all sums which the assured shall become obligated to pay as damages by reason of liability imposed upon him by law for damages arising out of bodily injury accidentally sustained by any person or persons if caused by the ownership, maintenance, or use of the trucks covered by the terms of the policy.

It does not appear just how it was contemplated that the assured could become obligated to pay damages by reason of an obligation imposed upon him by law to the general public for bodily injury to any person caused by

the ownership, maintenance, or use of the trucks covered by the policy, since it was known by both the insurer and the assured at the time of the issuance of the policy that the trucks in question were to be furnished by the sub-contractors who were to maintain, operate, and have control of them through their own agents and employees in carrying on the work under the express terms of the independent contractor's agreement executed at the instance of the insurer.

There is also a like obligation contained in the policy, designated as "Agreement 'B'," to pay the damages caused to the property of others by the ownership, maintenance, or use of such trucks, where liability may be imposed by law upon the assured therefor. These provisions, together with "Agreement 'G'," relating to damage to the trucks themselves by collision, and "Agreement 'D'," relating to glass damage thereto, are grouped under section I of the policy. Under section II, it is provided that "This policy shall also include the following provisions as respects Agreements 'A' and 'B',"; and under article (4) it is stipulated that "The Company further agrees, (a) to defend in his name and behalf any suit against the assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false or fraudulent. . . ." Then, under section IV, it is further stipulated that "The Company shall not be liable under this policy for any accident, loss, or damage: . . . (d)," which reads, "under Agreement A for bodily injury to any employee of the assured sustained during the course of his employment. . . ."

It is contended by the appellant that, since the declaration filed by Dee McCray in the circuit court case alleged that he was an employee of appellee, the assured, there was no obligation on the part of appellant, the insurer, to defend the McCray suit; that the allegations of the declaration in that behalf control in determining the question of liability to defend, and in support of that

contention cites the following cases: United States Fidelity & Guaranty Co. v. Yazoo Cooperage Co., 157 Miss. 27, 127 So. 579; Fessenden School, Inc., v. American Mutual Liability Insurance Co., 289 Mass. 124, 193 N. E. 558, and the numerous authorities therein cited.

However, it is unnecessary to consider the rule announced in those cases in deciding the question here involved, for the reason that, in our opinion, subsection (d) of section IV of the policy, above quoted, does not undertake to limit or in anywise qualify subsection (a) under article (4) of section II, which obligates the insurer to defend any suit against the assured, etc., but specifically refers to and singles out "Agreement 'A' " under section I of the policy, and excludes only the obligation to pay damages for bodily injury in so far as the employee is concerned, and does not exclude the obligation to defend any suit whether by an employee or other person. In other words, it clearly and expressly mentions agreement capital "A," which appears only in section I, and makes no reference to the obligation to defend any suit as contained in subsection little "(a)" of article (4) of section II of the policy. The obligation "to defend in his name and behalf any suit against the assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false, or fraudulent," is left unqualified by any other provision of the policy, and constitutes an absolute obligation to defend any and all suits against the assured seeking damages on account of bodily injury sustained by reason of the ownership, maintenance, or use of the trucks covered by the policy, whether by an employee or not.

Unless the policy obligates the insurer in this case to defend all suits against the assured, there is but little risk, if any, assumed, since there could be no liability to pay damages for bodily injury or property damage caused by trucks neither owned by the assured nor operated by his servants or employees; nor would the defense of any suit be required to proceed very far in the absence of an

allegation of the relationship of master and servant between the assured and the person injured, or an ability to show such relationship between the assured and the person operating the truck where the suit is filed by a member of the general public. We think that it was contemplated that the assured should receive a more substantial consideration for the premiums paid than would flow to him if the policy should be construed not to apply to all suits filed against him by reason of the ownership, maintenance or use of the trucks covered therein.

Dee McCray was injured by the use of one of such trucks, and was a member of the general public so far as the assured was concerned, even though he alleged that he was an employee. The appellant concedes that, if Dee McCray had alleged in his suit against the appellee that he had been run over and injured by one of these trucks, and had sued appellee as one of the general public that, then, under the case of United States Fidelity & Guaranty Co. v. Yazoo Cooperage Co., supra, it would have been the duty of the company under its policy to defend the lawsuit even though it should be developed on the trial that he was actually an employee of the appellee. As to this we express no opinion, since that would involve the question as to whether any exception contained in such policies of insurance in favor of an employee refers to real employees, and not merely to one who alleges himself to be an employee, and further involves the application of the rule announced in the authorities hereinbefore mentioned. It is sufficient to say that his suit could be groundless, and come within the class which the assured obligated itself to defend, on account of the nonexistence of the alleged relation of master and servant, as well as for any other cause. If the exception of liability for bodily injury to any employee of the assured had also excluded the liability to defend any suit brought by such an employee, a different question would be presented for decision under the authorities relied upon by appellant. But we express no opinion on

this point, since we have reached the conclusion that the policy obligated the appellant in either event to defend the suit; and, having failed to do so after due notice, it is bound to reimburse the appellee for the attorney's fees and costs expended in that behalf.

The decree of the court below is therefore affirmed. Affirmed.