UNITED STATES FIDELITY & GUARANTY CO. *v.* COOK.

(Division B. Nov. 13, 1939. Suggestion of Error Overruled Dec. 11, 1939.)

[192 So. 24. No. 33865.]

Gilbert & Cameron, of Meridian, for appellant.

O. B. Triplett, Jr., of Forest, for appellee.

Argued orally by **O. B. Triplett, Jr.**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from the circuit court of Scott County. Mr. W. G. Cook sued the appellant on the policy. A demurrer was filed to the declaration and overruled. The company declined to plead over, and judgment was entered in favor of the appellee, from which judgment this appeal is prosecuted.

The appellee, Cook, had a contract with the State Highway Commission for the maintenance of a highway, and sublet this work to an independent contractor. In the performance of this work a number of trucks were used, and one of the trucks so used caused an injury to several workmen. Some of the workmen sued Mr. Cook, and one of them, Eddie Wright, secured a judgment for $4,000 in the trial court, but on appeal the case was reversed and judgment rendered, holding that Cook was not liable for the injury. See Cook v. Wright, 177 Miss. 644, 171 So. 686.

The present suit is brought on the same policy which

contained a provision: "The company further agrees (a) to defend in his name and behalf any suit against the Assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false or fraudulent."

While the case of Cook v. Wright, supra, was pending and before its decision in this court, Cook compromised with one of the parties injured at the same time and in the same collision that Wright was injured, the compromise being for a nominal sum, referred to in the briefs as nuisance value.

Prior to the filing of these suits the insurance company had disclaimed liability for the injury inflicted upon the employees mentioned, claiming that it was not responsible under its policy and was not called upon to defend the suit, and declined so to do. The present suit is to recover $350 for the settlement with two of the persons injured, without suit being filed therefor, each of the said claims being settled by Cook for $150, making a total of $300, plus the $50 fee paid by Cook to his attorney for services rendered in effectuating said settlement. Subsequent to the decision in Cook v. Wright, supra, Cook filed suit against the appellant on liability insurance on the policy involved herein for a reimbursement for attorney's fees paid and cost incurred in defending a suit, filed by McCray, and it was held in the case of United States Fidelity & Guaranty Co. v. Cook, 181 Miss. 619, 179 So. 551, that the appellant was liable for attorney's fees incurred in defending a suit by one of the persons, to-wit, D. McCray, for the recovery of damages, etc., for personal injury, the Court holding that the policy involved, under the terms of the policy, imposed liability upon the appellant to defend the suit brought, even if such suit is groundless, false or fraudulent; and that the company was liable for the expense of defending the suit, although there was no liability for the injury of McCray imposed by law on Cook. In that case suit was brought against, and was defended by, Cook,

and he was allowed the expenses incurred in defending it. In the present case no suit was brought, and consequently the obligation of the appellant to defend was not incurred under the policy. It is immaterial that the claim was settled in the present case before suit was instituted for a less sum than it might have cost to defend the suit, had suit been brought. There was no liability under the terms of the policy for the settling of the claim which had not been sued on, or attorney's fees in negotiating such settlement. It does not come within the terms of the policy and the obligations of the parties are fixed by the contract.

It follows that the demurrer should have been sustained and the suit dismissed, and the judgment of the court below will be reversed and judgment rendered here dismissing the suit.

Reversed and rendered.