SOUTHERN FARM BUREAU CASUALTY INSURANCE
Co. *v.* LOGAN.

No. 41445          April 4, 1960          119 So. 2d 268

582

*Crawley & Brooks,* Kosciusko, for appellant.

*P. L. Douglas*, Starkville, for appellee.

584

GILLESPIE, J.

Southern Farm Bureau Casualty Insurance Company, appellant, hereinafter called insurer, issued an automobile liability policy to Mrs. Annie Mae O'Brian covering a certain truck owned by Mrs. O'Brian, hereinafter called insured. This policy was in force when Thomas Logan, a minor, appellee, was injured in an accident arising out of the use of said truck.

On September 17, 1958, appellee Logan filed suit in the Circuit Court of Oktibbeha County against Mrs. Annie Mae O'Brian in which he alleged that on July 25, 1958, he was riding in the insured truck when it was being driven by a servant of insured when he was injured as a result of the negligent operation of said truck

by insured's servant. The declaration alleged that appellee, plaintiff therein, was loading milk cans on and off of said truck and that plaintiff got out of said truck and unloaded certain milk cans from the truck and into a barn and was injured as he attempted to re-enter the truck because insured's servant negligently accelerated said truck as Logan attempted to re-enter it.

After this suit had been on file for about three weeks, and on October 10, 1958, insurer wrote Logan's attorney that it had been advised of the suit by Logan against insured, and that Logan was an employee of insured, and the policy provided no coverage for bodily injury to any employee of the insured while engaged in the employment of the insured. The letter stated that the exclusion in the policy relieved insurer of any liability arising from the accident. The letter then stated that without waiving any of the company's defenses under the terms of the policy, the insurer would make a settlement on the basis of medical expenses and actual lost time. The letter then stated: "If the case cannot be settled on the basis set out above, we will immediately notify Mrs. O'Brian and Jimmy O'Brian (who was sued with Mrs. O'Brian) that we will furnish them no defense for this suit that you have filed." A copy of this letter was sent to insured.

On October 15, 1958, Logan's attorney rejected the offer of settlement and made what amounted to a counter offer. On October 21, 1958, insurer wrote the insured as follows:

"This is to advise that Mr. P. L. Douglas, the attorney who has filed a suit in behalf of Thomas Logan, against you and your son, Jimmy, has declined to accept the proposal offered in our letter of October 10, 1958. Under the circumstances we have no alternative but to advise you that we cannot furnish you or your son, Jimmy, a defense in the law suit styled Thomas Logan, a minor by next friend, Myrtle Logan vs. Annie Mae

O'Brian and Jimmy O'Brian now pending in the Circuit Court of Oktibbeha County. Under the circumstances I would suggest that you make the necessary arrangements to employ personal counsel to protect your interest and the interest of your son.''

On October 21, 1958, judgment by default was entered in the Circuit Court of Oktibbeha County in favor of Logan against insured for $19,500 and costs. This judgment was entered the day insurer wrote insured that the former would not defend the suit. It is not shown when insured received this letter but it necessarily was after the default judgment had been rendered. Insured lived on a rural route.

The present suit was filed by Logan against insurer to recover the amount of the judgment, alleging therein the matters already stated. The policy provides for suit by an injured party against the insurer after having secured a judgment against the insured.

Insurer filed its answer admitting all allegations of fact in the bill of complaint and alleging that prior to October 1, 1958, its agent orally notified insured that Logan was an employee of insured and he was not covered by the policy, and that insurer was not liable for any injuries suffered by Logan; that insurer would offer no defense in said suit, and insured should protect herself by employing her own attorney to defend said suit. Insurer included in its answer a special plea alleging that Logan was an employee of insured at the time he was injured, and the policy provided in the exclusions as follows: ''This policy does not apply: (d) under Coverage A, (1) to bodily injury to any employee of the insured while engaged in the employment of the insured.'' The answer alleged that the policy provided no protection to insured and Logan could not recover on the policy because of said exclusion.

On motion of Logan, the chancery court struck insurer's answer and granted an interlocutory appeal to settle the principles of the case.

██ ██ The motion to strike the answer admits the truthfulness of the facts alleged in the answer. It is a proper method of testing the legal sufficiency of the answer. Mississippi Chancery Practice, Griffith, Par. 372, page 355.

██ ██ The first question for our decision is whether the insurer was obligated under its policy to defend the insured in the suit filed by Logan. There are two reasons why the insurer was obligated to defend the insured in this suit, each of which, independent of the other, is sufficient to require insurer to defend the Logan suit.

(1) The insuring agreements contained in the policy in question are in part as follows:

### "INSURING AGREEMENTS

"I. Liability

"Coverages A, Bodily Injury and B, Property Damage "1. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages:

"Coverage A because of bodily injury sustained by any person, and

"Coverage B because of injury to or destruction of property, caused by accident and arising out of the ownership, maintenance or use of the automobile, including loading and unloading thereof.

"2. To defend any suit against the insured for such damages even if groundless, false or fraudulent; but the Company may make such settlement of any claim or suit as it deems expedient; . . ."

The exclusion relied upon by insurer is as follows:

### "EXCLUSIONS

"THIS POLICY DOES NOT APPLY:

"(d) under Coverage A, (1) to bodily injury to any employee of the insured while engaged in the employ-

ment of the insured; (2) to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; . . ."

The applicable parts of the policy in the present suit are substantially the same as those in the case of U. S. F. & G. Company v. Cook, 181 Miss. 619, 179 So. 551. Under *Cook,* the exclusion is limited by its own terms to "Coverage A" and excludes the obligation to pay damages for bodily injury insofar as an employee is concerned, but it does not exclude the obligation to defend any suit whether by an employee or other person. Cook is directly in point on the question under discussion and imposed on insurer the obligation to defend the Logan suit even if he was an employee of insured. If insurer had defended the Logan suit, its liability to pay the judgment would depend on whether Logan was in fact an employee at the time he was injured. The insurer's ultimate liability is not the criterion for determining whether the insurer is obligated to defend. Anno., 50 A.L.R. 2d 475; Commercial Casualty Ins. Co. v. Tri-State Transit Co., 190 Miss. 560, 1 So. 2d 221, 133 A.L.R. 1510.

(2) The declaration in Logan's suit against insured alleged that the truck covered by the insurance was driven up to the barn of one "Shine" Betts by Jimmy O'Brian, an employee of insured, and Logan and another were riding in said truck; that Logan got out of the truck and unloaded certain milk cans from the truck into the barn, and was injured due to the negligence of Jimmy O'Brian in the operation of the truck as Logan attempted to re-enter the truck. There is no charge in the declaration that Logan was an employee of insured and there is no charge that such relationship did in fact exist. The mere fact that Logan was loading milk cans on and off the truck belonging to insured does not establish the relationship of employer and emplo-

yee between insured and Logan. Whether Logan was in fact an employee does not determine the question of whether the insurer was obligated to defend the suit. ■■ ■ The general rule is well settled that the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint in such action. Anno., 50 A.L.R. 2d 465. This rule has been announced in a number of Mississippi cases, the leading one being U. S. F. & G. Company v. Yazoo Cooperage Co., 157 Miss. 27, 127 So. 579.

## II.

The next question for our determination is: What are the consequences of the insured's refusal to defend the suit filed against insured by Logan? This question involves both the unjustified refusal to defend and the untimeliness of insurer's advice to insured that it would not defend, which amounted to a withdrawal from the defense under the circumstances.

■■ ■ 1. The letters attached to the complaint show that on October 10, 1958, the insurer was attempting a settlement of the case and by a copy of its letter to Logan's attorney which was sent to insured, the latter had a right to assume that insurer was looking after the case and would notify her if and when it was necessary for her to employ attorneys of her own. In effect, she was told they were handling the case and would notify her if they were not able to settle. When insurer did notify insured that she would have to employ attorneys and provide her own defense the default judgment had already been rendered against her. Absent circumstances not appearing in the pleadings, showing lack of good faith on the part of the insured, we are of the opinion that insurer is liable for the payment of the judgment secured by Logan. Laying aside the question of the duty of insurer to defend, the fact that the insurer assumes the defense may give rise to a duty to continue

with the defense and make the insurer liable for its withdrawal therefrom, though it would not have been liable if it had not assumed the defense in the first instance. ■■ And the general rule is that an insurer who withdraws from the defense of an action is estopped to deny liability under the policy if its conduct results in prejudice to the insured; but it is not estopped to do so if its action does not result in any prejudice to the insured. Anno., 167 A.L.R. 243. The bill of complaint is sufficient to invoke liability on the grounds of estoppel in accordance with the rules just stated absent circumstances not shown by the answer. 29A Am.Jur., Par.1464, 1465, page 576, et seq.

■■ 2. While the untimely withdrawal of insurer from the defense of a suit against its insured gives rise to estoppel, as already stated, the unjustified refusal to defend, as is the case here, is itself a breach of the obligations of contract which renders insurer liable to the insured for all damages resulting as a result of the breach, 29A Am.Jur., Insurance, Par. 1459, pages 570, 571, including, in a proper case, the amount of the judgment rendered against the insured. Anno., 49 A.L.R. 2d 711, et seq.

Since the case is before us on the state of the pleadings, our decision is limited to the case made thereon. It follows that in a case of estoppel for untimely withdrawal or damages resulting from the unjustified refusal to defend, in either case the insured must act in good faith and do what is reasonably required under the circumstances to diminish the damages.

### III.

■■ The final question is whether the injured party, Logan, may take advantage of the estoppel and breach of contract running in favor of the insured. The injured party is given a right of action against the insurer under the policy in question. The rule stated in 46 C.J.S., Insurance, Par. 1191, page 112, is that where

the injured person is expressly or impliedly given a right of action against insurer under, and in accordance with, the terms of the policy, the injured person has the same rights as insured would have had if he had paid the judgment, and he has the benefit of any estoppel or waiver which operates in favor of the insured.

For the reasons stated, we are of the opinion that the answer was insufficient at law to state a defense to the bill of complaint and the lower court correctly sustained the complainant's motion to strike the answer. On remand either party may file such additional pleadings as the lower court may deem proper.

Affirmed and remanded.

*McGehee, C. J.,* and *Kyle, Holmes* and *Ethridge, JJ.,* concur.