218 So.2d 724 (1969)
The TRAVELERS INSURANCE COMPANY
v.
GENERAL REFRIGERATION & APPLIANCE COMPANY, Inc.
No. 45160.
Supreme Court of Mississippi.
February 3, 1969.
John M. Roach, Daniel, Coker, Horton & Bell, Jackson, for appellant.
*725 Ray, Lee & Moore, Jackson, for appellee.
ROBERTSON, Justice:
This suit involves the interpretation and construction of certain provisions of a liability insurance policy issued by The Travelers Insurance Company, appellant, to General Refrigeration & Appliance Company, Inc., appellee. The appellee called on the appellant to defend a tort action brought against the appellee and others in the Chancery Court of the First Judicial District of Hinds County. The appellant refused to defend on the ground that the allegations of the bill of complaint filed in the chancery court did not state a cause of action against the appellee that the appellant was required to defend under the terms of the policy. The appellee was thus forced to employ attorneys to defend the suit.
There was long and protracted litigation; the suit was successfully defended; and the end result was that there was no judgment against the appellee for damages. The attorneys charged their client, the appellee $3,187.50 for successfully defending the suit. The appellee paid the fee and brought suit in the Circuit Court of the First Judicial District of Hinds County to recover the $3,187.50 paid. By agreement, the judge tried the case without a jury and found for the appellee.
The policy was for a one-year term, from October 1, 1959, to October 1, 1960. The policy, on its face under Item 3B, styled "Property Damage Liability," shows a premium of $20.73 opposite the subhead "1. Premises  Operations." The limits of liability listed were $5,000 for each accident and $25,000 aggregate.
Under Item 4, styled "Description of Hazards," and under the subhead "1. Premises  Operations," there was typed "SEE SCHEDULE 3931." Schedule 3931, attached as an endorsement to the policy, provided:

 --------------------------------------------------------------------
 Advance Premiums
 Description of Hazards
 Coverage A Coverage B
 --------------------------------------------------------------------
 Electrical wiring  within buildings,
 including installation or repair
 of fixtures or appliances.
 Installation of electrical machinery
 or auxiliary apparatus
 to be separately rated.
 #5190 9.60 18.00
 Stores  Furniture  wholesale
 or retail  including house
 furnishings.
 #159 11.99 2.73

On Page 2, the policy provides:
II. Defense, Settlement, Supplementary Payments.

With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; (Emphasis added).
*726 In the chancery court suit, the appellee was charged with having negligently installed a cutoff switch in a fold-back electric oven in the home of complainants.
The appellant contends that this installation or repair work falls within the following provision of the policy:
Division 4. Products  Completed Operations.
* * * * * *
(2) operations, if the accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be "operations" within the meaning of this paragraph: (a) pick-up or delivery, except from or onto a railroad car, (b) the maintenance of vehicles owned or used by or in behalf of the insured, (c) the existence of tools, uninstalled equipment and abandoned or unused materials and (d) operations for which the classification stated in division 1 of Item 4 of the declarations specifically includes completed operations. (Emphasis added).
Appellant says no premium was charged and no coverage provided for "Products  Completed Operations." With this contention we cannot agree. It would appear that the charge of negligent installation in the bill of complaint falls within the terms of Schedule 3931, wherein under the heading "Description of Hazards" there was contained this language:
"[I]ncluding installation or repair of fixtures or appliances * * * Stores  Furniture  wholesale or retail  including house furnishings." (Emphasis added).
Premiums were specifically listed opposite these hazards. The hazards covered and premiums charged were specially typed in Schedule 3931; the schedule was then attached to the policy in explanation of, and as an addition to, the printed coverage. This addition was specifically referred to on the face of the policy with the typed words: "SEE SCHEDULE 3931." It could be said that the typed provisions and printed provisions appear to conflict with each other. In that situation the typed provisions would take precedence over the printed. Then, too, a basic rule of construction is that the ambiguous portions of a policy are construed more strictly against the one preparing the policy.
We said in Key Life Insurance Co. of South Carolina v. Tharp, 253 Miss. 774, 179 So.2d 555 (1965):
"On the contrary, it needs no citation of authority, and appellant, for that matter, concedes that, if an insurance contract is ambiguous and capable of two reasonable but different constructions, the construction will be adopted which is in favor of the insured since the contract is prepared by the insurer. Griffin v. Maryland Casualty Co., 213 Miss. 624, 57 So.2d 486 (1952), and authorities there cited." Id. at 782-783, 179 So.2d at 559.
And again in Aetna Life Insurance Co. v. Evins, 199 So.2d 238 (Miss. 1967):
"The policy and the attached rider were prepared by the appellant insurance company and in accordance with familiar principles of law, if the provisions of the policy are of doubtful meaning, they must be construed must strongly against the insurer and liberally in favor of the insured in order that the purpose of the policy will not be defeated." Id. at 241.
The language of the policy itself covering the defense of suits and claims is broad and strong. The pertinent portions bear repeating:
"[T]o such insurance as is afforded by this policy * * * the company shall: *727 * * * defend any suit against the insured * * * even if such suit is groundless, false, or fraudulent. * * *" (Emphasis added).
The insurer acts at its peril when it refuses to defend a suit against its insured. It would be the better part of valor to defend doubtful cases of coverage and to resolve the doubts when the battle with the claimant is over. See Mavar Shrimp & Oyster Co. v. U.S.F. & G. Co., 187 So.2d 871 (Miss. 1966), and Southern Farm Bureau Cas. Ins. Co. v. Logan, 238 Miss. 580, 119 So.2d 268 (1960).
We feel that under the ambiguous terms of the policy and attached Schedule 3931, as to coverage; and the strong and broad language of the policy on the duty to defend; the appellant wrongfully refused to defend appellee and thereby the appellant as insurer became liable for attorney's fees incurred and paid in the successful defense of the chancery suit. The judgment of the circuit court is, therefore, affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, PATTERSON, and SMITH, JJ., concur.