240 So.2d 277 (1970)
The TRAVELERS INDEMNITY COMPANY
v.
Al L. EAST, III, and East Ford, Inc.
No. 45905.
Supreme Court of Mississippi.
October 19, 1970.
Watkins & Eager, Joe W. Hobbs, Jackson, for appellant.
Cox & Dunn, Jackson, for appellees.
*278 RODGERS, Justice.
This is an appeal from the judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, against The Travelers Indemnity Company in favor of Al L. East, III, and East Ford, Inc., in the amount of $2,500.
The dispute in this litigation grew out of appellant Travelers' refusal to defend appellees East and East Ford in their defense of the appeal to the Mississippi Supreme Court taken by the heirs of Thomas V. Dye. The Dye heirs had been plaintiffs in a suit for the wrongful death of Thomas V. Dye against A.E. Saxton, who was doing business under the trade name of S & W Construction Company, and who was the named insured in an automobile liability insurance policy issued by Travelers to Saxton. The Dye heirs contended in their declaration that East and East Ford were legally responsible for the operation of the Saxton truck at the time of the accident.
The appellant proceeded to defend all the parties defendant in this suit, including East and East Ford. At the conclusion of the trial, East and East Ford were released by a directed verdict, but judgment was obtained against Saxton and the operator of the automobile in the sum of $90,000.00.
The appellant, Travelers, had previously paid $5,000, one-half the amount of the policy, in settlement of a suit by other parties injured in the accident. When Travelers was served with a writ of garnishment on the judgment in favor of the Dye heirs, it paid the balance of its coverage under the policy ($5,000) into court. Thereafter, the Dye heirs appealed the case to the Mississippi Supreme Court contending on appeal that East and East Ford were erroneously released by the trial court.
It was, of course, imperative that East and East Ford defend the appeal. At this juncture, however, Travelers refused to participate in the proceedings in the Supreme Court based upon its contention that it was no longer required to defend the suit because it had paid the full amount due under its insurance contract and that it had no obligation to represent the insured after the face limit on coverage of the policy had been exhausted.
East and East Ford had an insurance policy with Western Casualty & Surety Company, the terms of which required it to defend East in suits in court. When Travelers refused to continue to participate in the proceedings on appeal, East called on Western Casualty & Surety Company to undertake the defense. Whereupon, Western Casualty employed the law firm of Cox & Dunn who agreed to represent East for a reasonable fee. The judgment of the trial court releasing East was affirmed on appeal. Thereupon, East sued Travelers for the fee due the attorneys.
*279 The suit for the attorneys' fee was presented to the trial court upon a stipulated statement of fact, including a statement of the attorneys as to the work done on appeal in the case against East, and to which is attached the Travelers policy. A judgment was entered in favor of East for the fee due the attorneys.
Travelers Indemnity Company has appealed from the judgment and now contends here that its policy did not require it to represent East.
Travelers' contract, on which the suit is brought, contains the following agreement:
II. Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy, the company shall:
(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;
Appellant argues that prior to 1955 the clause with reference to "Defense, Settlement, Supplementary Payments" in a standard policy was different from the policy of Travelers here in litigation, and that this clause was changed by substituting: "With respect to such insurance as is afforded by this policy." It is said that this change was made "to make clear that the obligation to defend was subordinate to the primary insuring clause of the policy and the limitations of coverage contained within. However, the change in wording in the 1955 revision was so slight that the intended change in meaning was not readily apparent * * * and a more precise revision was definitely needed." It is then pointed out that in 1966 some of the insurance companies added the following clause: "* * * (B)ut the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements." The 1966 clause is not a part of the contract here in litigation.
There are two lines of authority on the issue here presented. The theory favorable to the appellant is that the primary obligation imposed upon the insurer is to pay the insured's legal liability for damages on account of the contingencies specified in the policy and the provision to defend the litigation is designed to implement that primary obligation to the end that, when the full amount named in the policy has been exhausted, the insurer has no further responsibility to defend. The following are the authorities sustaining this theory. Lumbermen's Mutual Casualty Co. v. McCarthy, 90 N.H. 320, 8 A.2d 750, 126 A.L.R. 894 (1939); Travelers Indemnity Company v. New England Box Co., 102 N.H. 380, 157 A.2d 765 (1960); Liberty Mutual Insurance Co. v. Mead Corporation, 219 Ga. 6, 131 S.E.2d 534 (1963); Denham v. La Salle-Madison Hotel Co., 168 F.2d 576 (CA 7, 1948); General Casualty Company of Wisconsin v. Whipple, 328 F.2d 353 (CA 7, 1964); Commercial Union Insurance Co. of New York v. Adams, 231 F. Supp. 860 (D.C.Indiana, 1964). Sutton Mutual Insurance Co. v. Rolph, 109 N.H. 142, 244 A.2d 186 (1968), seems to be in conflict somewhat with previous New Hampshire cases.
On the other hand, there is a well defined theory shown by the following authorities to the effect that the obligation to defend set out in the insurance policy is an obligation to defend the insured and is separate and distinct from the duty to coverage and to pay. The defense clause in the policy is considered to be a contractual right of the insured, for which he paid a premium, irrespective of other insurance and irrespective of primary or excess coverage. See: American Employers Insurance Co. v. Goble Aircraft Specialties, 205 Misc. 1066, 131 N.Y.S.2d 393 (N.Y. 1954); American Casualty Co. of Reading, Pa. v. Howard, 187 F.2d 322 (CA 4, 1951); National Casualty *280 Co. v. Insurance Company of North America, 230 F. Supp. 617 (D.C.Ohio 1964); Simmons v. Jeffords, 260 F. Supp. 641 (D.C. Pa. 1966); St. Paul Fire & Marine Insurance Co. v. Thompson, 150 Mont. 182, 433 P.2d 795, 27 A.L.R.3d 1048 (1967); 7A Appleman Insurance Law and Practice § 4685 (1962).
The foregoing authority is interesting and instructive, but we are of the opinion that our Court has previously put the issue to rest in the cases of United States Fidelity & Guaranty Co. v. Cook, 181 Miss. 619, 179 So. 551 (1938), and Southern Farm Bureau Casualty Insurance Co. v. Logan, 238 Miss. 580, 119 So.2d 268 (1960).
In the Cook case we said:
* * * The obligation "to defend in his name and behalf any suit against the assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false, or fraudulent," is left unqualified by any other provision of the policy, and constitutes an absolute obligation to defend any and all suits against the assured seeking damages on account of bodily injury sustained by reason of the ownership, maintenance, or use of the trucks covered by the policy, whether by an employee or not.
* * * We think that it was contemplated that the assured should receive a more substantial consideration for the premiums paid than would flow to him if the policy should be construed not to apply to all suits filed against him by reason of the ownership, maintenance or use of the trucks covered therein. (181 Miss. at 625, 626, 179 So. at 552)
In the Logan case, after discussing the Cook case, we said:
* * * The insurer's ultimate liability is not the criterion for determining whether the insurer is obligated to defend. * * * (238 Miss. at 588, 119 So.2d at 271)
These two Mississippi cases are not precisely in point as to the facts, but we are of the opinion that they foreclose any other legal interpretation than the second thesis above stated. We hold, therefore, that the appellant, Travelers Indemnity Company, was required to defend the insured under the terms of its policy although it had paid the full amount of its money coverage and is consequently liable for a reasonable attorneys' fee necessarily incurred in the appeal of the case.
We are also of the opinion that the amount fixed as a reasonable attorneys' fee by the trial court as a result of the facts set out in the trial stipulation is not so out of line and excessive as to cause this Court to hold the fee unreasonable.
The judgment of the trial court, therefore, will be affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY and INZER, JJ., concur.