**J. E. CHRESTMAN et al.,**
**Plaintiffs-Appellants,**

v.

**UNITED STATES FIDELITY AND**
**GUARANTY COMPANY,**
**Defendant-Appellee.**

No. 74–2371.

United States Court of Appeals,
Fifth Circuit.

April 9, 1975.

**130**

Grady F. Tollison, Jr., Oxford, Miss., Jack F. Dunbar, Clarksdale, Miss., for plaintiffs-appellants.

Michael S. Allred, Cary E. Bufkin, Jackson, Miss., for defendant-appellee.

Before BELL, THORNBERRY and GEE, Circuit Judges.

PER CURIAM:

The diversity suit underlying this appeal was brought by the assignee of an insured against the assignor's insurer on the basis of an alleged failure to defend in the form of a failure to take an appeal. The district court rendered judgment for the insurer and we affirm.

Donna Chrestman was a passenger in a car being driven by Butler which collided with a car being operated by Mary May. Chrestman recovered a judgment in state court against May and Butler for her injuries. There was no appeal by May's insurer, United States Fidelity and Guaranty Company (U.S.F. & G.). May assigned whatever rights she might have had against U.S.F. & G. to Chrestman in return for Chrestman's covenant not to execute the judgment against May.

The trial was bifurcated: liability and damages. The jury found for Chrestman on liability because of the failure of U.S.F. & G. to appeal for May. However, the court directed a verdict for U.S.F. & G. on the damages issue based on the insufficiency of Chrestman's evidence. The court then granted defendant's motion for judgment n. o. v. on the liability issue, and this appeal followed.

U.S.F. & G. was obligated to defend May and did so through the trial. The evidence was that there were grounds to appeal as to damages but not as to liability. Counsel obtained a remittitur from the state trial judge in the amount of $20,000 and concluded that there was no merit in seeking a further reduction by appeal, retrial or otherwise.

The courts of Mississippi have not defined the scope of an insurer's obligation to appeal. Cf. Travelers Indemnity Insurance Company v. East, 240 So.2d 277 (Miss.1970), on the duty to appeal vel non. The learned district judge, experienced in Mississippi law, charged the jury on the scope of the duty in terms of (1) fraud, (2) bad faith, and (3) failure to exercise reasonable care and foresight. Cf. Hawkeye-Security Insurance Company v. Indemnity Insurance Company of North America, 10 Cir., 1958, 260 F.2d 361, for the rule that an insurer is liable for acting fraudulently or in bad faith, in failing to appeal. The jury found fraud and did not reach the other questions posed. In granting the judgment n. o. v., the court said that the evidence was insufficient to warrant a verdict under "any theory of law that might be advanced."

■ At the very least under the authorities, appellant would be required to show reasonable grounds for taking an appeal. Cf. Ursprung v. Safeco Insurance Company of America, 497 S.W.2d 726 at 730 (Ky.1973); Reichart v. Continental Insurance Co., 290 So.2d 730 at 733 (La.App.1974).

■ It is true that U.S.F. & G. had limited liability and thus little to gain by an appeal as compared to paying the balance of the coverage into court, but this fact was insufficient to make a jury issue in the face of the substantial, uncontradicted evidence of no reasonable ground for appealing. See Boeing v. Shipman, 5 Cir., 1969, 411 F.2d 365 at 373–375, on the test for directing a verdict and rendering judgment n. o. v.

■ Finally, the trial court did not err in directing a verdict for U.S.F. & G. on the damages issue. Appellant failed to adduce sufficient evidence to provide a basis for a jury determination of specific damages to her assignor because of the

failure of U.S.F. & G. to appeal for her, assuming *arguendo* a duty to appeal under the circumstances.[1]

Affirmed.

---

1. Because we find the evidence of damages insufficient under any theory, we need not pass on whether damages can ever be proved when a judgment creditor takes an assignment of an insured's cause of action against his insurer for failure to appeal in return for a covenant not to execute on the underlying judgment. *Cf.* Nichols v. State Farm Mutual Automobile Ins. Co., N.D.Miss.1972, 345 F.Supp. 212, 216–17.