507 So.2d 894 (1987)
Trenton H. SHELTON
v.
The AMERICAN INSURANCE COMPANY.
No. 56371.
Supreme Court of Mississippi.
May 13, 1987.
*895 James W. Nobles, Jr., Bernard W.N. Chill, Sr., Chill, Chill & Dove, Jackson, for appellant.
Gary K. Jones, Daniel, Coker, Horton & Bell, Jackson, for appellee.
Before WALKER, C.J., and PRATHER and SULLIVAN, JJ.
WALKER, Chief Justice, for the Court:
Trenton H. Shelton brought suit in the Circuit Court of the First Judicial District of Hinds County seeking damages from The American Insurance Company as a result of its failure to defend a suit against him. Upon motion the lower court entered a summary judgment in favor of The American Insurance Company, and Shelton appeals.
Shelton, a life underwriter and agent of the Northwest Mutual Life Insurance Company, was sued in the County Court of Forrest County, in an action filed on June 16, 1982 by Charles Clifton Wallace. The basis of the suit was that Shelton had made false and fraudulent oral and written statements to Wallace with the intent to induce him to enter into a contract of employment, and that after detrimentally relying upon these statements, Shelton refused to hire Wallace. Shelton notified The American Insurance Company, his insurer on a life underwriter professional errors and omissions liability policy of the action that had been filed. American Insurance promptly entered into the defense of said claim, but subsequently notified Shelton that the claim against him was not within the policy coverage, and as such, any further defense of the action would be his responsibility.
The Life Underwriters Professional Liability insurance contract entered into between Shelton and The American Insurance Company upon which the case presently at bar is brought, and upon which coverage was denied provides in the pertinent part of the "insuring clause" that The American Insurance Company will provide a defense for any action arising out of:
"Any negligent act, error or omission in rendering or failing to render professional services." (emphasis added)
"Professional services" are defined by the policy as:
"... services, activities and hazards, performed by the insured fee based or not, for insured's activities as a life underwriter, including but not limited to:
(A) Insured's services rendered on a fee basis involving insured and non-insured plans ...;
(B) Insured's activities in consulting on self-insured plans ...;
(C) Insured's activities involving splitfunded plans ...;
(D) Insured's services and activities involving third-party administration ...;
(E) Insured's services and activities involving claims administration ...;
(F) Actuarial services ..."
The lower court found as a matter of law that The American Insurance Company had no obligation to defend Shelton under the terms of his errors and omissions policy, and entered a summary judgment. From the judgment in favor of The American Insurance Company, Shelton appeals, raising two (2) issues.

I. DID THE TRIAL COURT ERR IN GRANTING A SUMMARY JUDGMENT TO THE AMERICAN INSURANCE COMPANY ON THE ISSUE OF WHETHER OR NOT MR. SHELTON'S PROFESSIONAL LIABILITY POLICY COVERED A SUIT INVOLVING ORAL AND WRITTEN STATEMENTS MADE FALSELY AND FRAUDULENTLY AND WITH THE INTENT TO INDUCE ENTRY INTO A CONTRACT OF EMPLOYMENT, AND AS SUCH GIVE RISE TO A DUTY TO DEFEND ON THE PART OF THE AMERICAN INSURANCE COMPANY?
The general rule for the granting of a summary judgment is set forth in Miss.R. *896 Civ.P. 56(c). For such a motion to be granted, the moving party must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983) this Court stated that summary judgment is not a substitute for the trial of disputed fact issues. If any doubt exists as to any fact issue the non-moving party should get its benefit, and should ultimately be given the benefit of every reasonable doubt. Brown, at 362; Liberty Leasing Co. v. Hillsum Sales Corporation, 380 F.2d 1013, 1015 (5th Cir.1967).
Shelton urges that summary judgment was inappropriate in the case sub judice because the clause defining "professional services" was both vague and ambiguous in that it did not limit the scope of coverage to those professional services specifically listed. Indeed, the general rule is that where a contract is ambiguous and uncertain, questions of fact are presented which are to be resolved by the trier of facts, and the granting of summary judgment is inappropriate. Dennis v. Searle, 457 So.2d 941, 945 (Miss. 1984). The lower court found as a matter of law that the contract between Shelton and The American Insurance Company was, simply stated, an errors and omissions policy meant to insure Shelton against "professional" liability in his "profession" as a life insurance underwriter.
In dealing with the extent and range of the coverage in such "professional liability" insurance policies it has been stated that:
A "professional" act or service within a malpractice policy is one rising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor or skill which is predominantly mental or intellectual, rather than physical or manual... .
An errors and omissions policy is professional liability insurance providing a specialized and limited type of coverage as compared to comprehensive insurance, it is designed to insure members of a particular professional group from the liability arising out of a special risk such as negligence, omissions, mistakes and errors inherent in the practice of the profession.
7A J.A. Appleman, Insurance Law and Practice, § 4504.01, at 309-10 (Berdal ed. 1979).
Although this Court has never considered the scope of "professional services" as they pertain to a liability insurance policy, other jurisdictions, in construing such clauses have stated that a "professional service" involves the application of special skill, knowledge and education arising out of a vocation, calling, occupation or employment. Marx v. Hartford Accident & Indemnity Company, 183 Neb. 12, 157 N.W.2d 870 (1968); Maryland Casualty Co. v. Crazy Water Co., 160 S.W.2d 102, 104 (Tex.Civ.App. 1942); Robertson v. Maher, 177 So.2d 412, 417 (La. App. 1965). In looking directly to the insurance policy that is the focal point of the case at hand, it must be given significant weight that in its title, its definitions, and its clauses, the policy deals specifically with Shelton's dealings and negotiations with clients as a life underwriter. Shelton urges that the scope of his coverage should be construed to cover a suit filed for fraud in his dealings with prospective employees. But, courts are not free to extend coverage to risks and circumstances not covered by the insurance contract. National Bankers Life Insurance Co. v. Cabler, 229 Miss. 118, 126, 90 So.2d 201, 204 (1956). We feel that the lower court decided correctly that the policy provisions as drawn did not cover such an occurrence, and as to the extent of coverage that the policy clearly and unambiguously provided only for coverage of "professional" acts or services, as set out and defined above. Where a contract is clear and unambiguous, its meaning and effect may be determined by the court. Dennis, 457 So.2d at 945. Under such conditions the court may grant a summary judgment based upon the plain language of the contract. Busching v. Griffin, 465 So.2d 1037, 1042 (Miss. 1985). As fraudulent statements made to induce entry into a contract of employment do not fit within the coverage of a "professional services" *897 liability policy, we find that there arose no duty to defend. Southern Farm Bureau Casualty Company v. Logan, 238 Miss. 580, 119 So.2d 268 (1960). The trial court acted correctly in granting a summary judgment.

II. DID THE TRIAL COURT ERR IN GRANTING A SUMMARY JUDGMENT ON THE ISSUE OF WHETHER OR NOT THE AMERICAN INSURANCE COMPANY WAS ESTOPPED FROM WITHDRAWING FROM A DEFENSE OF SHELTON ONCE SUCH WAS BEGUN?
Shelton argues that The American Insurance Company could not withdraw from its defense of him after such had been undertaken, and upon such withdrawal it became liable for all expenses connected with the action. For this argument to prevail, there must be a showing by Shelton that the action taken by The American Insurance Company prejudiced him in some manner. Logan, at 590, 119 So.2d at 272. We must take note here that Shelton has alleged no prejudice. The record also reveals that a summary judgment was granted him in the Forrest County action. We therefore hold that the decision of the trial court in granting a summary judgment in favor of The American Insurance Company was correct.
AFFIRMED.
HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ROY NOBLE LEE, P.J., not participating.