UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 91-7057
_____

JUEDELL T. LAWRENCE,

Plaintiff-Appellant,

VERSUS

VIRGINIA INSURANCE RECIPROCAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

(December 9, 1992)

Before POLITZ, Chief Judge, SMITH, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

For the most part, this appeal turns on whether an insurer, which did not defend an underlying action against its insured, is therefore estopped from asserting sovereign immunity in defending against a garnishment by the plaintiff from the prior action. Juedell T. Lawrence appeals from a summary judgment granted Virginia Insurance Reciprocal (VIR) on her garnishment action to collect punitive and mental anguish damages awarded her in a state court action against VIR's insured, Southwest Mississippi Regional Medical Center (Southwest). Because VIR is not estopped, we **AFFIRM** in part and **REVERSE** and **REMAND** in part.

I.

Lawrence suffered a work-related injury while an employee of Southwest.[1]  In April 1987, she sued Southwest in state court, alleging breach of her employment contract and bad faith refusal to pay benefits due under it.  In that contract, Southwest had agreed to pay Lawrence benefits equivalent to workers' compensation, even though it was not legally obligated to participate in the Mississippi workers' compensation program.

Southwest had an insurance contract with VIR, in which VIR agreed, *inter alia*, to pay on behalf of Southwest all sums Southwest became legally obligated to pay for damages sustained by employees resulting from the negligent administration of Southwest's "employee benefit programs".  But, upon Southwest's inquiry early in the case, VIR denied coverage and, therefore, did not defend Southwest at trial.

By a jury verdict in October 1990, Lawrence was awarded, *inter alia*, $216,000 against Southwest:  $66,000 for compensatory damages (benefits); $50,000 for mental anguish damages; and $100,000 for punitive damages.  But, the judgment provided that, "pursuant to [Miss. Code Ann. §] 41-13-11(2)", in seeking to recover the mental anguish and punitive damages, Lawrence would "have recourse only to the proceeds or right to proceeds of any liability policy covering [Southwest] for such damages, if any".

---

[1]    Lawrence developed thoracic outlet syndrome, a disorder associated with repetitive upper extremity activity, presumably as a result of her repeated overhead filing of x-ray jackets while employed as a clerk-typist in the medical records division of the hospital.

Promptly after entry of judgment, Lawrence sought to garnish VIR to collect the mental anguish and punitive damages. The action was removed to district court, which granted VIR summary judgment. In accordance with the law at the time, the district court treated the mental anguish damages as "exemplary damages", as it did the punitive damages. VIR was not estopped from relitigating coverage for exemplary damages in district court, as a result of the court's holding that VIR had no duty to defend Southwest because the exemplary damages "were barred as a matter of law" by the hospital's sovereign immunity "and thus not covered under the insurance policy...."

## II.

Lawrence contends that (1) the issue of sovereign immunity was fully litigated in state court by Southwest and thus VIR should have been collaterally estopped from relitigating it in federal court, (2) Mississippi law allows recovery of punitive and mental anguish damages against a community hospital to the extent that it has insurance coverage, and (3) the VIR policy provides coverage for the punitive and mental anguish damages awarded her.[2]

Needless to say, we apply Mississippi law in resolving these issues. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 138 (5th Cir. 1991). And, we review *de novo* the district court's interpretation of that law. *Salve Regina College v. Russell*, ___ U.S. ___, 111 S. Ct. 1217,

---

[2]     In the alternative, Lawrence requests this court to certify the issues to the Mississippi Supreme Court. We decline to do so.

1221 (1991). In deciding an unsettled point of state law, *Erie* requires that we determine how the Mississippi Supreme Court would interpret its own law if presented with the question. *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). When we are required to make an *Erie* guess, it is not our role to create or modify state law, rather only to predict it. *Id.*

A.

Lawrence maintains that, in state court, Southwest "hotly contested" its sovereign immunity with respect to exemplary damages, but lost when the court ruled that the issue could be submitted to the jury. She asserts that VIR is estopped from relitigating the issue in federal court, under the principle that an insurer that breaches its duty to defend an action against its insured is bound in subsequent litigation by all issues litigated in the first suit. *See* *Travelers Ins. Co. v. General Refrigeration & Appliance Co.,* 218 So. 2d 724, 727 (Miss. 1969) ("The insurer acts at its peril when it refuses to defend a suit against its insured"); *Southern Farm Bureau Casualty Ins. Co. v. Logan*, 119 So. 2d 268, 270-72 (Miss. 1960).[3] It makes no difference that Lawrence is a judgment creditor seeking garnishment, rather than the insured. *E.g., Ridgway v. Gulf Life Ins. Co.*, 578 F.2d 1026 (1978) (applying analogous rule under Texas law). And, for purposes of this opinion, we assume that VIR had a duty to defend Southwest.

_____

[3] Initially, we note that collateral estoppel can apply to legal issues as well as to factual issues previously litigated. *See* *State Ex Rel. Moore v. Molpus,* 578 So. 2d 624, 640 (Miss. 1991).

- 4 -

(As discussed, *infra*, this will be an issue on remand.) Therefore, estoppel *vel non* comes into play.  The Mississippi Supreme Court has stated, however, that collateral estoppel can apply only if there is "an identity of parties from one suit to the next, and of their capacities as well".  **State Ex. Rel. Moore v. Molpus,** 578 So. 2d 624, 640 (Miss. 1991).  This identity requirement can be expressed as a "succession in interest" between the two parties. **Id.**  Therefore, we look to the respective interests of Southwest and VIR in litigating the sovereign immunity issue.

Southwest would not have been obligated to pay any exemplary damages awarded against it, because Miss. Code Ann. § 41-13-11 allows recovery only against the hospital's insurer to the extent the hospital obtains coverage in accordance with the statute.[4]  If coverage does not exist, Southwest is protected by immunity.  Miss. Code Ann. § 41-13-11(1).  Although Southwest did litigate its sovereign immunity at trial, it had little interest, because of this rule, in the outcome on the issue.  This is illustrated by the fact that Southwest appealed only the compensatory damages (benefits) award, choosing not to appeal the punitive and mental anguish damages, specifically because it was not obligated to pay them.  *Cf.* **Guaranty Nat'l Ins. Co. v. Pittman**, 501 So. 2d 377, 385 (Miss. 1987) (citing fact that insolvent insured failed to appeal

---

[4]     The statute authorizes the purchase of certain insurance coverage and provides: "immunity from suit is only waived to the extent of such liability insurance available to satisfy any judgment rendered, and a judgment creditor shall have recourse only to the proceeds or right to proceeds of such liability insurance". Miss. Code Ann. § 41-13-11(2).

judgment against him as illustration of his lack of vigor in trying to avoid judgment and his inadequate representation of his insurer's interest).

Needless to say, the insured ordinarily remains obligated on a judgment in the absence of insurance coverage. Here, however, the insured and insurer were not aligned in interest, because Southwest was not obligated to pay the punitive and mental anguish damages, even in the absence of coverage under the VIR policy. *Cf. American Casualty Co. v. United Southern Bank,* 950 F.2d 250, 253-54 (5th Cir. 1992) (rejecting application of collateral estoppel where specifics of coverage placed insurer's and insured's interests on liability issue in opposition). We hold, therefore, that VIR was not estopped from raising sovereign immunity as a defense to Lawrence's garnishment action.

### B.

Lawrence next contends that the Mississippi statutory scheme permits recovery of punitive and mental anguish damages against Southwest to the extent of its insurance.

Community hospitals such as Southwest enjoy immunity from suit "at law or in equity on account of any wrongful or tortious act or omission by any such [community hospital] or its employees relating to or in connection with any activity or operation of any such community hospital ...". Miss. Code Ann. § 41-13-11(1).[5] The same

---

[5]     Recent developments in Mississippi's sovereign immunity law do not apply to this case. In *Presley v. Mississippi State Highway Comm.*, No. 90-CC-0644, 1992 WL 211961 (Miss. Sept. 4, 1992) (en banc), the Mississippi Supreme Court declared unconstitutional the Mississippi Sovereign Immunity Act, Miss. Code Ann. § 11-46-1, *et*

statute that creates this immunity provides that it may be waived to a limited extent: "[i]f liability insurance is in effect, ... suit may be maintained .... However, immunity from suit is only waived to the extent of such liability insurance available to satisfy any judgment rendered ...". Miss. Code Ann. § 41-13-11(2).

The statute also authorizes community hospitals to purchase liability insurance "to cover *damages or injury* to persons or property or both caused by the *negligence* of any [hospital employee]". *See* Miss. Code Ann. § 41-13-11(2) (emphasis added). Thus, to the extent that coverage is provided by insurance purchased under this authority, a community hospital's sovereign immunity is waived. We focus, therefore, on whether this statute authorized Southwest to purchase insurance to cover the punitive and mental anguish damages awarded Lawrence.[6]

---

*seq.* Subsequently, the legislature amended the Act. Because this case falls under § 41-13-11, which specifically governs the immunity of community hospitals, changes to § 11-46-1 have no effect.

[6] The VIR policy is a comprehensive liability policy containing an endorsement specifically governing liability arising in connection with the hospital's employee benefits program. In that endorsement, VIR agreed to pay on behalf of Southwest "all sums which [Southwest] shall become legally obligated to pay as a result of damages sustained by an employee ... in the administration of the Insured's Employee Benefit Programs ... caused by any negligent act, error or omission of the Insured ...." As noted, Southwest elected to provide its employees with medical and disability benefits, equivalent to those provided by employers subject to the workers' compensation laws, which VIR acknowledges were part of Southwest's employee benefit program. Moreover, Southwest acted as a *self-insurer* of these benefits; the VIR policy did not cover Southwest's contractual liability for them, and Lawrence does not contend that VIR is obligated to pay her compensatory damages (benefits).

1.

As the state jury was instructed, punitive damages can be awarded only upon finding that the defendant acted with malice, gross negligence, or reckless disregard for the rights of others. *E.g.,* **Universal Life Ins. Co. v. Veasley,** No. 07-CA-59316, 1992 WL 30112, at 3 (Miss. Feb. 19, 1992). And, as that jury was also instructed, the purpose of punitive damages, of course, is to punish a tort-feasor as an example to deter others, *not* to compensate a party for an injury. *E.g.,* **State Farm Mutual Automobile Ins. Co. v. Daughdrill,** 474 So. 2d 1048, 1052 (Miss. 1985). Punitive damages, therefore, do not fall within the category of "damages or injury to persons or property or both caused by ... negligence", which are insurable under the statute. Because they do not fall within this category, Southwest lacked the statutory authority to purchase insurance to cover them.[7] In other words, the legislature did not expressly waive the hospital's sovereign immunity in this respect. *See* **Joseph v. Tennessee Partners, Inc.,** 501 So. 2d 371, 375 (Miss. 1987) ("a governmental entity has not waived immunity from suit simply because it has obtained liability insurance without express statutory authority"). Because Southwest's sovereign immunity was retained as to punitive damages, VIR cannot be obligated to pay them on behalf of Southwest, even if the policy provides such coverage.

---

[7] We assume, without deciding, that such damages are otherwise covered under the policy.

2.

Mental anguish damages, however, can be awarded upon a finding of simple negligence in the breach of contract. ***Strickland v. Rossini,*** 589 So. 2d 1268, 1275 (Miss. 1991). Although, in the past, the rule in Mississippi has been to the contrary, two recent Mississippi Supreme Court cases, handed down after the award of summary judgment in this case, make clear that mental anguish damages are no longer a form of exemplary damages, but rather, are compensatory in nature and can be the proximate result of simple negligence. *See* ***Veasley,*** No. 07-CA-59316, 1992 WL 30112, at 6-7 (Miss. Feb. 19, 1992); ***Strickland,*** 589 So. 2d at 1275. Because they result from negligence and are compensatory in nature, mental anguish damages fall within the statutory category of "damages or injury to persons or property or both caused by ... negligence". Southwest, therefore, was authorized to purchase insurance to cover them; and its sovereign immunity was waived to the extent of such coverage.[8]

At issue, therefore, is whether the VIR policy provided coverage for Lawrence's mental anguish damages. Because the district court has not had an opportunity to rule on this issue, or

---

[8] The jury in this case was given conflicting instructions regarding the standard of conduct necessary to sustain an award of mental anguish damages. One instruction stated that they could be awarded if they were proximately caused by the hospital's breach of contract, if any; another lumped them with punitive damages, requiring a finding of malicious conduct, gross negligence, or reckless disregard for the rights of others. Because the jury's award of punitive damages indicates that the higher of the two standards was met, the ambiguity does not present a problem; we can assume that there was at least simple negligence.

the duty to defend issue as to such damages, by summary judgment or otherwise, we remand it to that court for such further proceedings as it deems appropriate.

III.

For the foregoing reasons, we **AFFIRM** the summary judgment with respect to the punitive damages; but, with respect to the mental anguish damages, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**