**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 92-7446
Summary Calendar

HANS CONSTRUCTION COMPANY, INC.,

Plaintiff-Appellant,

versus

PHOENIX ASSURANCE COMPANY OF
NEW YORK,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

(      June 25, 1993      )

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

POLITZ, Chief Judge:

Hans Construction Company, Inc. appeals an adverse summary judgment.  Finding no error, we affirm.

Background

On June 17, 1987 a crane owned by Hans Construction Co. was damaged in the process of dismantling an asphalt plant.  Hans' equipment, including the crane, was covered under an Inland Marine Transit Floater Policy issued by Phoenix Assurance Company of New York.  The policy did not cover damage caused by overloading the

equipment.

Upon receiving notice of the accident, Phoenix assigned Adjusting Services Unlimited to investigate the claim. John Dominick, an ASU adjuster, interviewed the Hans crane operator, Mike Greer. Greer stated that the crane was lifting a bucket conveyor weighing about 52,000 pounds at the time of the accident. Considering the extent of the boom, the angle, and the radius of the load, the maximum load should have been about 50,000 pounds. Neither Dominick, nor any other adjuster, ever independently determined the actual weight of the bucket conveyor when the crane failed.

ASU requested and was granted authority by Phoenix to hire an engineer to inspect the crane and determine the cause of the accident. Two experts, Dr. Courtney Busch and Robert Fleishmann, examined the crane; both determined that the damage was caused by an overload. In addition, at Hans' request, a representative of the manufacturer examined the crane and also opined that the damage was caused by an overload. He concluded that the crane could not be repaired SQ the boom and outrigger sections would have to be completely replaced.

Disagreeing with the conclusions of the experts, Hans hired John Taylor of Non-Destructive Testing Services to examine the crane. Taylor found imperfections in the welds. Taylor's report was sent to Busch whose opinion remained the same. Busch noted that Taylor did not address the fact that the primary failure of the crane was in the base metal, not the welds. Based upon the

2

experts' opinions that the crane was overloaded, Phoenix invoked the policy exclusion and denied Hans' claim.

Hans sued Phoenix under the policy, alleging denial of the claim in bad faith.  Hans sought contract, extra-contractual,[1] and punitive damages.  The district court granted summary judgment in favor of Phoenix on all claims except the claim for coverage under the policy.  The parties consented to trial of the remaining claim before a magistrate judge.

Prior to trial, the Mississippi Supreme Court announced its decision in **Universal Life Insurance Co. v. Veasley**,[2] in which the plaintiff was permitted to recover mental anguish damages resulting from the insurance company's failure to pay a claim, even though the failure was the result of simple negligence, not conduct warranting punitive damages.  Hans moved the district court for reconsideration of its prior summary judgment on the extra-contractual damages claim in light of **Veasley**; the district court found that because the insurance company had an arguable basis for denying the claim, the extra-contractual damages claim was properly denied.  The parties settled the policy coverage claim and final judgment was entered dismissing the case.

Hans timely appealed.  He argues that the district court erred in granting summary judgment in favor of Phoenix on the claim for

_____

[1]  Hans seeks the following extra-contractual damages: company president Joe Hans' mental anguish, loss of income, depreciation of the crane caused by being forced to repair rather than replace its damaged parts, attorneys' fees, and costs of litigation.

[2]  610 So.2d 290 (Miss.1992), reh'g denied, January 8, 1993.

3

punitive damages and the claim for other extra-contractual damages.


<u>Analysis</u>

<u>Standard of Review</u>

We review summary judgment *de novo*, considering the evidence and inferences therefrom in the light most favorable to the nonmoving party.[3] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4] In addition, the district court's interpretations of applicable Mississippi law are reviewed by this court <u>de novo</u>.[5] In this diversity case, "we must do that which we think that the Mississippi Supreme Court would deem best."[6]


I. <u>Punitive Damages</u>

It is well-settled under Mississippi law that "before punitive damages may be recovered from an insurer, the insured must prove by a preponderance of the evidence that the insurer acted with (1)

---

[3] **U.S. Fidelity & Guaranty Co. v. Wiggington**, 964 F.2d 487 (5th Cir.1992); **Baton Rouge Building & Const. Trades Council v. Jacobs Constructors, Inc.**, 804 F.2d 879 (5th Cir.1986).

[4] **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

[5] **Salve Regina College v. Russell**, __ U.S. __, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991); **Jones**, 931 F.2d at 1088.

[6] **Jackson v. Johns-Manville Sales Corp.**, 781 F.2d 394, 397 (5th Cir.), <u>cert. denied</u> 478 U.S. 1022 (1986).

4

malice, or (2) gross negligence or reckless disregard for the rights of others."[7]  If the insurer has a legitimate or arguable reason for denying coverage, punitive damages are unavailable.[8]

The district court found that because Phoenix hired independent experts to determine the cause of the crane failure, it had, at the very least, an arguable basis for denying the claim. We agree.  Hans contends that Phoenix "manufactured" the expert opinions by providing the experts with an inaccurate estimate of the weight of the crane's load.  If the expert reports indicated that they were based solely on calculations using such a weight, we might be inclined to accept Hans' argument.  Both experts, however, personally inspected the crane, viewed the damage to the boom and outrigger, reviewed various records and charts and determined that the damage was consistent with an overload.  In addition, the manufacturer's representative, at Hans' request, inspected the crane and opined that the damage was caused by an overload. Phoenix's reliance on the results of these inspections was reasonable and manifestly does not warrant punitive damages.

II.  Extra-contractual Damages

As to Hans' claim for extra-contractual damages, Mississippi law is somewhat less settled.  In **Veasley**, the plaintiff was

---

[7]  **Veasley**, 610 So.2d at 293 (citing **Weems v. American Security Ins. Co.**, 486 So.2d 1222, 1226-27 (Miss.1986); **Aetna Casualty & Surety Co. v. Day**, 487 So.2d 830, 832 (Miss.1986)).

[8]  **Veasley**, 610 So.2d at 293; **Standard Life Ins. Co. of Indiana v. Veal**, 354 So.2d 239 (Miss.1977).

permitted to recover damages for mental anguish because of the insurance company's failure to pay a life insurance claim following the death of her daughter, even though the failure was the result of simple negligence. The court found, however, that the insurer did not have an <u>arguable</u> basis for denying her claim.[9] The court reasoned as follows:

> Applying the familiar tort law principle that one is liable for the full measure of the reasonably foreseeable consequences of her actions, it is entirely foreseeable by an insurer that the failure to pay a valid claim through the negligence of its employees should cause some adverse result to the one entitled to payment. . . . Additional inconvenience and expense, attorneys fees and the like should be expected in an effort to have the oversight corrected. It is no more than just that the injured party be compensated for these injuries.

The holding in **Veasley** appears to be limited to damages for mental anguish occasioned by failure to pay an insurance claim in those instances when the insurer lacks even an arguable basis for denial. The **Veasley** majority noted that "[s]ome justices on this court have suggested that extra-contractual damages ought to be awarded in cases involving a failure to pay on an insurance contract without an arguable reason even where the circumstances are not such that punitive damages are proper."[10] In summarizing the results of the opinion, the court held: "the assessment of actual damages caused by the anxiety resulting from delay without an arguable reason is

---

[9] The court characterized the insurance company's conduct as a "clerical" error and "an unfortunate episode of a failure of competence." 610 So.2d at 293-94.

[10] 610 So.2d at 295 (citing **Pioneer Life Ins. Co. of Illinois v. Moss**, 513 So.2d 927, 932 (Miss.1987) (Sullivan, J., concurring, joined by D. Lee, Prather and Robertson, JJ.)).

. . . affirmed."[11]

Making our best **Erie**[12] prognostication, we conclude in light of **Veasley** that Mississippi will allow extra-contractual damages for failure to pay on an insurance policy only when there is <u>no arguable reason</u> for such failure.  An arguable reason, therefore, shields the insurance company from liability for both punitive damages and extra-contractual damages.[13]  As we noted earlier, Phoenix had an arguable basis for denying Hans' claim. Accordingly, The district court properly granted summary judgment in favor of Phoenix on both the punitive damages and extra-contractual damages claims.

AFFIRMED.

---

[11]  610 So.2d at 296.

[12]  **Erie R. Co. v. Tompkins**, 304 U.S. 64 (1938).

[13]  Recently in **Lawrence v. Virginia Ins. Reciprocal**, 979 F.2d 1053 (5th Cir.1992), we suggested in <u>dicta</u> that under Mississippi law pursuant to **Veasley** and **Strickland v. Rossini**, 589 So.2d 1268 (Miss.1991), mental anguish damages may be recovered upon a finding of simple negligence in the breach of a contract.  Now faced directly with that issue, we must give those cases a close reading. **Strickland** set out the standard for recovering mental anguish damages in the tort context.  The plaintiff, Rossini, purchased a home from the Federal Land Bank Association.  As part of the agreement, she required the Land Bank to provide her with a certificate that the home was free of termite damage or infestation.  Land Bank hired Redd Pest Control to inspect the home and provide the appropriate certificate. Redd's certification that the home was termite-free was in error.  As a result, Rossini sued Land Bank for breach of contract and Redd under a negligence theory.  The **Strickland** court discussed her right to recover mental anguish damages only from Redd.  It is in this setting that it announced that "a plaintiff may recover for emotional injury proximately resulting from negligent conduct, provided only that the injury was foreseeable by the defendant."  589 So.2d at 1275.

7