**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60147
Summary Calendar

AUDUBON INSURANCE COMPANY,

Plaintiff-Appellant,

VERSUS

TERRY ROAD WINE AND LIQUOR, INC.,
MELISSA A. MAY AND DONALD R. MAY,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:94 CV 333)

( September 8, 1995 )

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[*]:

In this insurance coverage dispute, the district court

granted in part and denied in part Audubon Insurance Company's

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

("Audubon") motion for summary judgment to deny coverage to Terry Road Wine and Liquor, Inc. ("Terry Road"). Relying upon language contained in the insuring agreement, the district court held Audubon had a duty to defend Terry Road against Donald May's loss of consortium claim and to indemnify Terry Road for any liability incurred as a result of the loss of consortium claim. Audubon appeals, arguing that the district court erred when it interpreted the insuring agreement. We agree and therefore reverse and render summary judgment for Audubon.

FACTS

On April 1, 1994, Donald R. May and Melissa A. May, who are husband and wife, filed two separate lawsuits against Terry Road in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Both complaints sought recovery for alleged personal injuries received in an automobile accident resulting from the alleged illegal sale of intoxicating beverages by Terry Road to the minor plaintiff Donald May.

In their complaints, the Mays allege that on or about November 24, 1993 they were injured in an automobile being driven by Ronnie White, a minor who was intoxicated from the alcohol allegedly sold to Donald May. Specifically, the Mays allege that Donald May was sold alcohol by an employee of Terry Road in violation of Mississippi law, and that such sale constituted a proximate cause of the accident and their resulting damages.

In their respective complaints, the Mays sought recovery for numerous compensatory damages and also punitive damages. In his

2

complaint, Donald R. May included a claim for loss of consortium. It is this claim and Audubon's duty to defend and indemnify Terry Road with respect to this claim that is the subject of this appeal.

Terry Road made a claim for liability coverage under the subject Audubon policy for the claims asserted against it by the Mays. Terry Road was provided with a notice of defense under a reservation of rights. Audubon then filed a complaint for Declaratory Judgment seeking a declaration that it had no duty to defend or indemnify Terry Road with respect to either of the Mays' complaints.

## PROCEEDINGS BELOW

On June 9, 1994, Audubon filed its complaint for Declaratory Judgment requesting that the court adjudicate its duties to Terry Road under a businessowner's policy issued by Audubon to Terry Road. On September 29, 1994, Audubon filed a Motion for Summary Judgment requesting a judgment that, under the terms and conditions of the policy, it had no duty to defend or indemnify Terry Road in relation to the two separate lawsuits filed by the Mays against Terry Road.

The district court held that Audubon had no duty to defend or indemnify Terry Road regarding any claims asserted by Melissa May and that it had no duty to indemnify Terry Road regarding any claims asserted by Donald May, except for his loss of consortium claim. Audubon appealed.

## DISCUSSION

3

This court reviews a trial court's grant or denial of summary judgment under the same standard as that used by the trial court - we employ a *de novo* standard of review with respect to the law, and the facts are viewed with deference to the nonmovant even though the court need not defer to any fact assumptions made by the trial court. *Frazier v. Garrison Ind. Sch. Dist.*, 980 F.2d 1514, 1520 (5th Cir. 1993) (internal citations omitted).

Mississippi courts treat insurance contracts just like all other contracts. *See Robinette v. American Liberty Ins. Co.*, 720 F.Supp. 577, 579-80 (S.D. Miss. 1989), *aff'd*, 896 F.2d 552 (5th Cir. 1990). Thus, if a particular insurance policy provision is clear and unambiguous, it will be enforced as written. *See id.* However, if the policy provision is ambiguous, then the ambiguities will be construed against the insurer and in favor of the insured. *Pemberton v. State Farm Mutual Auto Ins., Co.*, 803 F.Supp. 1187, 1192 (S.D. Miss. 1992).

The policy language at issue in the instant case reads as follows:

A. COVERAGES
1. Business Liability

    a. Audubon Insurance Co. will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "personal injury" or "advertising injury" to which this insurance applies.
    c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

```
EXCLUSIONS
1.  Applicable to Business Liability Coverage -

    This insurance does not apply to:
     c.  "Bodily injury". . . for which any insured may
         be held liable by reason of:
         (1)  Causing or contributing to the
                 intoxication of any person;
         (2)  The furnishing of alcoholic beverages to
              a person under the legal drinking age or
              under the influence of alcohol; or
         (3)  Any statute, ordinance or regulation
                 relating to the sale, gift,
distribution               or use of alcoholic beverages.
```

The district court first found that the Mays' bodily injury claims were clearly excluded by the alcohol/intoxication clause in the Audubon policy. All of the parties agree with this finding. However, the district court also found that Donald May's claim for loss of consortium did not fit within the alcohol/intoxication exclusion. Consequently, the court ruled that Audubon had a duty to provide Terry Road with a defense.

In making this finding, the district court focused upon the "because of" language contained in the coverage section of the Audubon policy. The court stated, "damages for loss of consortium can be said to be <u>because of</u> the bodily injury (as the term "bodily injury" is defined in the policy) suffered by Donald May's wife" (emphasis in original). The district court appears to have overlooked significant language contained in the insuring agreement.

The coverage section of the policy reads "because of 'bodily injury' *to which this insurance applies*" (emphasis added). The district court recognized that loss of consortium is a claim

5

arising from injury to a spouse but failed to apply the coverage section as written. Under Mississippi law, clear and unambiguous insurance contracts must be construed exactly as written. *Foreman v. Continental Cas. Co.*, 770 F.2d 487, 489 (5th Cir. 1985).

As written, the coverage section clearly applies only to damages because of bodily injury covered under the insurance policy. It is undisputed that the bodily injury claims are not covered under the policy. Consequently, the loss of consortium claim, arising from an excluded claim, is not covered by the policy.

## CONCLUSION

After an independent review of the language contained in the policy, we have determined that Donald May's claim for loss of consortium is not covered by the terms of insuring agreement. Therefore, we conclude that the district court erred when it refused to grant summary judgment to Audubon on this claim.

The judgment of the district court is therefore REVERSED, and summary judgment is RENDERED in favor of Audubon.